IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| SHELLY D. PARHAM, individually, and | § | |
| VICTOR HINES, III, as independent | § | |
| administrator of, and on behalf of, THE | § | |
| ESTATE OF MARCUS JOHNSON, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Cause No. 7:17-CV-00036-M |
| | § | |
| CITY OF BURKBURNETT and DANIEL | § | |
| C. ELBAUM, | § | |
| Defendants. | § | |

## DEFENDANT'S (ELBAUM) ANSWER TO ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Daniel C. Elbaum who makes and files this Answer to Plaintiff's Original Petition ("Complaint").[1] This Answer is filed subject to Defendant's Motion to Dismiss which is not waived hereby, but still insisted upon.  For same, Defendant would state the following:

1.      To the extent paragraph 1 contains allegations directed toward this Defendant, said allegations are denied.  Defendant is without sufficient information or belief to admit or deny the allegations in paragraphs 2 and 3 of the Complaint and, therefore, must deny that allegation at this time.

2.      Defendant admits the allegations in the first two sentences of paragraph 4 of the Complaint.  Defendant is without sufficient information or belief to admit or deny the remaining allegations in said paragraph and, therefore, must deny said allegations at this time.

_____

[1] This matter was removed from State Court to this Honorable Court; thus, Plaintiff's live pleading is found

3.      Defendant admits the allegations in the first two sentences of paragraph 5 of the Complaint and admits that at all relevant times he acted in the course and scope of his duties as a Burkburnett police officer.   To the extent paragraph 5 of the Complaint contains additional allegations directed toward this Defendant, said allegations are denied.   Defendant admits the allegations in paragraph 6 of the Complaint.

4.      To the extent paragraph 7 of the Complaint contains allegations directed toward this Defendant, said allegations are denied.   Defendant is without sufficient information or belief to admit or deny the allegations in paragraphs 8 and 9 of the Complaint and, thus, must deny same at this time.

5.      Throughout the Complaint, there are allegations as to specific times of alleged events.   Defendant is without sufficient information or belief to admit or deny those specific time allegations and therefore denies same at this time.   As to the remaining allegations, Defendant pleads as follows:

6.      As to the allegations in paragraph 10 of the Complaint, Defendant is without sufficient information or belief to admit or deny the allegations in the first, second, third, fourth, fifth, seventh and eighth sentences.   Defendant admits the allegations in the sixth and ninth sentences of said paragraph.

7.      As to the allegations in paragraph 11 of the Complaint, Defendant admits that he arrived at Burkburnett PD with decedent shortly after the arrest and that Defendant was at all times acting within the course and scope of his duties as a Burkburnett police officer.   Defendant is without sufficient information and belief to admit or deny the remaining allegations in said paragraph and therefore must deny same.

---

at the Court's docket, #1, Attachment #2.

8.    As to the allegations in paragraph 12 of the Complaint, Defendant admits that he removed decedent's handcuffs in the station and begin processing him for arrest and transfer to the county jail. Defendant is without sufficient information and belief to admit or deny the remaining allegations in said paragraph and therefore must deny same.

9.    As to the allegations in paragraphs 13 and 14 of the Complaint, Defendant is without sufficient information and belief to admit or deny the allegations in said paragraph and therefore must deny same.

10.    As to the allegations in paragraph 15 of the Complaint, Defendant admits that during the book-in process, Defendant talked with decedent to learn the information required in the book-in form. To the extent the first, second and third sentences contain additional allegations, they are denied.   Defendant admits the allegations in the fourth through ninth and eleventh, thirteenth, fourteenth sentences of said paragraph.   Defendant is without sufficient information or belief to admit or deny the allegations in the fifteenth, sixteenth and eighteenth sentences of said paragraph and must therefore deny same.   As to the allegations in the seventeenth sentence of the paragraph, Defendant admits that he began employment with Grayline Research Center in 1991 and held a position of certified clinical research coordinator. To the extent the seventeenth sentence of the paragraph contains additional allegations, they are denied.   Defendant denies the remaining allegations in said paragraph.

11.    Defendant denies the allegations in paragraph 16 of the Complaint.

12.    Defendant is without sufficient information or belief to admit or deny the allegations in paragraph 17 of the Complaint and therefore must deny same at this time.

13.    As to the allegations in paragraph 18 of the Complaint, Defendant admits that decedent was allowed to call his mother during the book-in process and that decedent was placed

in a holding cell.  Defendant is without sufficient information and belief to admit or deny the remaining allegations in said paragraph and therefore must deny same.

14.     Defendant is without sufficient information or belief to admit or deny the allegations, as phrased, in paragraphs 19 and 20 of the Complaint and therefore must deny same at this time.

15.     As to the allegations in paragraph 21 of the Complaint, Defendant admits that he escorted decedent back to his cell after a phone conversation and denies the remaining allegations in said paragraph.

16.     As to the allegations in paragraph 22 of the Complaint, Defendant admits that he was working at a computer terminal in the police station.   Defendant is without sufficient information and belief to admit or deny the remaining allegations in said paragraph and therefore must deny same.

17.     As to the allegations in paragraph 23 of the Complaint, Defendant admits that he left the book-in area at some point.   Defendant is without sufficient information and belief to admit or deny the remaining allegations in said paragraph and therefore must deny same.

18.     As to the allegations in paragraph 24 of the Complaint, Defendant is without sufficient information or belief to admit or deny the allegations in the second, third, and fourth sentences and therefore must deny same. Defendant admits that he re-entered the police station and resumed working at a computer terminal.   Defendant denies the remaining allegations in said paragraph.

19.     Defendant is without sufficient information to admit or deny the allegations in paragraph 25 of the Complaint and therefore must deny same at this time.

20.     As to the allegations in paragraph 26 of the Complaint, Defendant admits that he exited the book-in area at some point; that he left the police station to respond to police business, and that no electronic video/audio monitoring system covered the holding cell containing decedent at that time.   Defendant denies the allegations in the third sentence thereof and is without sufficient information or belief to admit or deny the allegations in the fourth and fifth sentences and therefore must deny those allegations at this time.

21.     Defendant is without sufficient information to admit or deny the allegations in paragraphs 27 and 28 of the Complaint and therefore must deny same at this time.

22.     As to the allegations in paragraph 29 of the Complaint, Defendant admits that he returned to the police station.   Defendant denies the allegations in the second, fourth, fifth, eleventh, twelfth, fifteenth, eighteenth and nineteenth sentences of said paragraph.   Defendant admits the allegations in the sixth, seventh, seventeenth sentences of said paragraph.   Defendant is without sufficient information or belief to admit or deny the remaining allegations in the of said paragraph and therefore denies same.

23.     As to the allegations in paragraph 30 of the Complaint, Defendant denies the allegations in the first, sixth and seventh sentences of said paragraph.    Defendant is without sufficient information or belief to admit or deny the remaining allegations in said paragraph which are, therefore, denied at this time.

24.     Defendant denies the allegations in the second and fourth sentences of paragraph 31 of the Complaint.   Defendant is without sufficient information or belief to admit or deny the remaining allegations in said paragraph which are, therefore, denied at this time.

25.    Defendant denies the allegations in the fourth sentence of paragraph 32 of the Complaint.   Defendant is without sufficient information or belief to admit or deny the remaining allegations in said paragraph which are, therefore, denied at this time.

26.    Defendant denies the allegations in paragraph 33 of the Complaint.

27.    Defendant is without sufficient information or belief to admit or deny the allegations in paragraphs 34 and 35 of the Complaint.

28.    Defendant admits that he entered the jail cell in question subsequent to the discovery of decedent by others, but is unable to admit or deny the time of that entry.   Defendant is without sufficient information or belief to admit or deny the remaining allegations in paragraphs 36 through 48 inclusive of the Complaint and therefore must deny same at this time.

29.    Defendant admits that the Burkburnett Police Dept. issued Defendant a *Garrity* Order and an explanation of rights in an internal investigation.  Defendant is without sufficient information or belief to admit or deny the remaining allegations in paragraph 49 of the Complaint and therefore must deny same at this time.

30.    Defendant admits that he received a one day suspension.   To the extent paragraph 50 of the Complaint contains additional allegations, they are denied.

31.    Defendant is without sufficient information or belief to admit or deny the allegations in paragraphs 51 and 52 of the Complaint and therefore must deny same at this time.

32.    Defendant admits the allegations in paragraph 53 of the Complaint.

33.    Defendant is without sufficient information or belief to admit or deny the allegations in paragraphs 54 through 61 inclusive of the Complaint and therefore must deny same at this time.

34.     As to the allegations in paragraph 62 of the Complaint, Defendant denies the "relevant portions" allegation in the final sentence and admits the remaining allegations in said paragraph.

35.     Defendant denies the allegations in the third sentence of paragraph 63 of the Complaint.    Defendant is without sufficient information or belief to admit or deny the allegations in the final sentence of said paragraph and therefore denies same.  Defendant admits the remaining allegations in said paragraph.

36.     Defendant is without sufficient information or belief to admit or deny the allegations in paragraphs 64 and 65 of the Complaint and therefore must deny same at this time.

37.     Defendant denies the allegations in paragraph 66 of the Complaint.

38.     Defendant denies that Plaintiffs have a right to recover damages from this Defendant.    To the extent paragraphs 67 through 84 of the Complaint contains additional allegations directed toward this Defendant, said allegations are denied.

39.     Defendant denies all remaining allegations in the Complaint which are not heretofore specifically addressed.

## AFFIRMATIVE DEFENSES

40.     The damages sought by Plaintiffs were, on information and belief, the result of the negligent and/or willful conduct of Plaintiffs' decedent which conduct was the proximate, producing and/or sole cause of all such damages.  Defendant invokes the doctrine of comparative causation.

41.     Defendant Officer Elbaum pleads the defense of qualified immunity as to all claims and in support of same pleads the following:   While on duty as a uniformed patrol officer for the Burkburnett Police Department, Officer Elbaum, operating a marked patrol vehicle,

responded to a disturbance call in the City of Burkburnett along with other Burkburnett officers. Officer Elbaum arrived after the other officers and observed that decedent and two other persons were detained by other officers as the officers investigated the disturbance.    During the detention, decedent produced an identification purporting to be issued by the State of Texas which was determined to be fictitious because it clearly lacked indications of authenticity which exist on State issued identifications.   Decedent was then arrested by other officers for the charge of presenting a fictitious identification and transported to the Burkburnett City detention facility to await transfer to the County jail.    Officer Elbaum transported decedent to the detention facility in his marked police vehicle and began the necessary paperwork to process decedent for transport to the county jail.   During the transport to Burkburnett PD, decedent appeared normal mentally and emotionally; was conversant; and appeared oriented as to his surroundings and circumstances.    At that time, Burkburnett PD procedures required Officer Elbaum to complete arrest and charging paperwork before transporting an arrestee such as decedent directly to the county jail located in Wichita Falls.   During this book in process, decedent became calm and was always alert and oriented.    Decedent indicated a suicide attempt three weeks previously and pointed to a very small cut on his inner elbow.   This minor would did not appear consistent with a suicide attempt and, coupled with decedent's alert and calm demeanor, led Officer Elbaum to conclude that decedent was not presently suicidal.   During the process of preparing decedent's paperwork for transfer to the county, Officer Elbaum was interrupted by the need to attend to other police business which could not wait.   At that point, decedent was placed in a holding cell after being permitted to speak with his mother by phone.   Officer Elbaum attended to the other police business, returned to the police station to complete the required paperwork, then resumed working on the paperwork necessary to transfer decedent to the county jail.    Officer Elbaum

was unaware of the passage of time from the time decedent's processing began until decedent was discovered deceased in the holding cell.   At no time did Officer Elbaum realize that decedent was presently suicidal.   A reasonable officer in Officer Elbaum's shoes could have believed that Officer Elbaum's actions were lawful.

42.    Defendant pleads that legal justification existed for all actual acts or omissions of Defendant.

43.    On information and belief, Defendant asserts that Plaintiffs has failed to mitigate their alleged damages.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that he go hence without day, recover costs, including reasonable attorney's fees, pursuant to 42 U.S.C. 1988, in this behalf expended and for such other and further relief, both general and special, to which Defendant may be justly entitled.

Respectfully submitted,

By:   **/s/ Joe C. Tooley**
    State Bar No. 20129750
510 Turtle Cove, Suite 112
Rockwall, Texas 75087
(972) 722-1058
(972) 722-1070 (Facsimile)
Joe@TooleyLaw.com

ATTORNEY FOR DEFENDANT
KEN JOHNSON

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure, as modified by this Court's ECF Orders, on this 29th day of March, 2017.

**/s/ Joe C. Tooley**

DEFENDANT'S (ELBAUM) ANSWER to ORIGINAL COMPLAINT, NO. 7:17-CV-00036-M.  Page 9